UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AARON CHRISTOPHER TAYLOR,**

 Movant,

v.                **No. 4:25-cv-0301-P**
               **(No. 4:22-cr-0096-P)**

**UNITED STATES OF AMERICA,**

 Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Aaron Christopher Taylor under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED.**

## BACKGROUND

On March 30, 2022, Movant was named in a one-count information charging him with conspiracy to distribute and possess with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§846 and 841(a)(1) and (b)(1)(B). CR ECF No.[1] 19. Movant and his counsel signed a waiver of indictment, CR ECF No. 24, a plea agreement, CR ECF No. 25, and a factual resume. CR ECF No. 26. The factual resume set forth that Movant faced a term of imprisonment of at least 5 years and not to exceed 40 years, the elements of the offense charged, and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement set forth the maximum penalties Movant faced, the Court's sentencing discretion, a Rule 11(c)(1)(C) agreement that any sentence imposed would not exceed 25 years, that the government would not bring any additional charges against Movant based upon the conduct underlying and related to the plea, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-cr-0096-P.

otherwise challenge the conviction and sentence except in certain limited circumstances, that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his representation, and that the document was a complete statement of the parties' agreement. CR ECF No. 25.

On April 6, 2022, Movant appeared for arraignment and testified under oath in open court that: he had discussed with counsel how the sentencing guidelines might apply in his case; he understood that his sentence was wholly within the Court's discretion; he had received, read, and understood the information; he committed all of the essential elements of the offense charged; he was fully satisfied with the representation and advice received from counsel; he read and understood the plea agreement, including the waiver of appeal, before he signed it; he knowingly and voluntarily waived his right to appeal; all of the terms of his agreement with the government were set forth in the plea agreement; he knowingly and voluntarily entered into the plea agreement; other than the plea agreement no one had made any promise or assurance to him of any kind to induce him to enter a plea of guilty; he understood that if the Court accepted his plea agreement, he would be sentenced somewhere within the range of punishment provided by statute; he understood that he faced imprisonment of 5 to 40 years; and, he read and understood the factual resume before he signed it and the facts set forth in it were true and correct. CR ECF No. 71.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 31, ¶ 39. He received two-level enhancements for possession of a dangerous weapon, *id.* ¶ 40, maintaining a drug premises, *id.* ¶ 41, and aggravating role in the offense. *Id.* ¶ 42. He received a four-level enhancement for his role as organizer or leader of criminal activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 44. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 48, 49. Pursuant to USSG Ch. 5, Pt. A (comment n.2.), his total offense level was treated as 43. *Id.* ¶ 50. Based on his offense level and criminal history category of III, his guideline range was life; however, the statutorily-authorized maximum sentence was 40

years, so his guideline imprisonment term became 480 months. *Id.* ¶ 112. Pursuant to the plea agreement, if accepted by the Court, the sentence would be no greater than 300 months. *Id.* ¶ 115. The probation officer prepared an addendum to the PSR to clarify that Movant was a member, rather than a founding member, of the criminal street gang the Truman Street Bloods. CR ECF No. 35. The government filed a motion for downward departure, CR ECF No. 37, and Movant filed a sentencing memorandum requesting a sentence lower than the 300-month cap. CR ECF No. 41.

The Court sentenced Movant to a term of imprisonment of 240 months, granting the motion for downward departure. CR ECF No. 45. At sentencing, counsel represented that he and Movant had received and carefully reviewed the PSR and addendum. CR ECF No. 72 at 6. In arguing for a lower sentence, counsel noted that Movant had tried to "correct this thing" by cooperating with the government from the very beginning. *Id.* at 9. The Court admonished Movant that he received half the sentence he was supposed to receive and that without the cap, he would have been looking at life imprisonment. In determining the sentence, the Court had considered the advisory guidelines and directives in 18 U.S.C. § 3553(a), and that even if the guideline calculations were later shown to be incorrect, the same sentence would have been imposed. *Id.* at 18–19.

Movant appealed, CR ECF No. 64, despite having waived his right to do so. CR ECF No. 25, ¶ 14. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the appellate court concurred with counsel that the case presented no nonfrivolous issue. The appeal was dismissed. *United States v. Taylor*, No. 23-10688, 2024 WL 1929019 (5th Cir. May 2, 2024).

## GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion.[2] He alleges that he received ineffective assistance of counsel at trial and on appeal.

---

[2] As the Court previously noted, ECF No. 3 n.1, as his purported first ground of his form motion, Movant included a request to expand the record and undertake discovery, which was denied.

He also alleges that the government breached the plea agreement. ECF No. 1.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

4

*Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant alleges that he received ineffective assistance because his counsel failed to: (1) adequately investigate the case, (2) challenge his post-arrest statement, (3) object to the drug quantity determination, (4) object to the firearm enhancement, (5) object to the role enhancement, and (5) provide him a copy of the PSR.

As for the contention that counsel failed to investigate the case, one who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant does not even speculate as to what might have been done and how it would have made any difference. His conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282.

Movant spends several pages discussing the "prompt presentment" requirement of 18 U.S.C. § 3501(c). ECF No. 1 at 9–11.[3] He appears to contend that counsel should have filed a motion to suppress instead of

---

[3] The page references to the motion are to "Page __ of 119" reflected at the top right portion of the document on the Court's electronic filing system.

5

urging Movant to cooperate with the government. In any event, once a valid guilty plea is entered all nonjurisdictional defects in the proceedings are waived, including ineffective assistance claims, except insofar as the alleged ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Here, Movant has made no attempt to show, nor could he show, that his plea was not voluntary. Thus, the claim is waived.

Even if the claim could be pursued, to show actual prejudice in the context of an unfiled motion to suppress, Movant must establish a meritorious Fourth Amendment violation and a reasonable probability that the outcome would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The record reflects that the statement at issue was given within six hours of Movant's arrest. ECF No. 10, Exs. 2 & 3. Movant has not shown that the statement would have been suppressed. Nor has he shown, much less made any attempt to show, that the outcome would have been different had the statement been suppressed. The evidence against Movant was overwhelming. Had he gone to trial, he would have been subject to life imprisonment.

With regard to sentencing issues, Movant simply questions "[w]hether trial counsel failed to adequately challenge the quanity [sic] of the controlled substance(s) attributed to [Movant]." ECF No. 1 at 7. He makes no further argument or mention of this allegation. He likewise mentions the failure of counsel to "properly challenge the government in demonstrating [Movant's] role," *id.* at 8, but provides no further information. His conclusory allegations fail to state a cognizable ground for relief.[4] *Miller*, 200 F.3d at 282.

Movant does devote attention to the argument that counsel should have challenged the validity of the gun enhancement. ECF No. 1 at 11–15. He relies on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). He fails to show, however, that *Bruen* provides directly controlling precedent upon which a solid, meritorious argument could

---

[4] For the reasons discussed in the response, Movant could not have prevailed on these arguments even had they been properly presented. ECF No. 9 at 17–21.

have been based. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). As this Court has recognized, "nothing in *Bruen* invalidates the Section 2D1.1(b) enhancement." *Woodson v. United States*, No. 3:23-cv-2640-X, 2024 WL 3034002, at *4 (N.D. Tex. June 17, 2024). The dangerous weapon enhancement does not violate the Second Amendment because it "harmonizes with the historical traditions associated with the Second Amendment guarantee." *United States v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020). Any objection based on *Bruen* would have been futile. Counsel cannot have rendered ineffective assistance in failing to make such an argument. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

Movant could not prevail on any of his sentencing issues even had they been better developed. As the Court explained at sentencing, the sentence would have been the same even had the guideline range been different. CR ECF No. 72 at 18–19.

Movant next argues that he received ineffective assistance of counsel on appeal because appellate counsel would not give him a copy of the PSR so that he could argue before the Fifth Circuit that trial counsel had failed to properly object to the "enhancements for gun possession and the drug quantity." ECF No. 1 at 20. Of course, Movant was not entitled to possess a copy of the PSR. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006); *Berk v. Exec. Off. of U.S. Attys.*, No. 3:18-cv-1349-M-BK, 2021 WL 1877068, at *8 (N.D. Tex. Feb. 2, 2021), *rec. accepted*, 2021 WL 1866548 (May 10, 2021). Moreover, claims of ineffective assistance are not properly presented on appeal unless they are clearly developed in the record. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). Ineffective assistance was not raised in the trial court here.[5]

In his final ground, Movant alleges that the government breached the plea agreement with him. ECF No. 1 at 21–25. However, his disagreement appears to be with his counsel. As Movant testified, the plea agreement filed with the Court contained all of the terms of his agreement with the government. CR ECF No. 71 at 54. Further, Movant

---

[5] For the reasons discussed, *supra*, Movant could not have prevailed on those grounds.

7

testified that other than the written plea agreement, no one had made any promise or assurance to him of any kind in an effort to induce him to enter a plea of guilty. *Id.* at 55. Likewise, the plea agreement reflected that it was a complete statement of the parties' agreement:

> This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

CR ECF No. 25, ¶ 16. Movant's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His plea agreement is likewise entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony[6] and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day of August 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[6] Contrary to Movant's allegations regarding an agreement to top his sentence at 120 months, ECF No. 1 at 5–6, 22, the proffer agreement reflects that no promises of any kind were made by the government. ECF No. 10, Ex. 3. There is simply no evidence to support such a promise. The government did not breach the plea agreement.